IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Emad A. Elaasar, | Case No. 3:06 CV 2718 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Robert S. Mueller, III, et al., | |
| Defendants. | |

This matter is before the Court on Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction or Remand (Doc. No. 21) and Defendants' Motion to Dismiss for Mootness (Doc. No. 31). For the reasons stated, Defendants' motions are denied in part and granted in part.

## BACKGROUND

On June 18, 2004, Plaintiff filed an application for naturalization with the United States Citizenship and Immigration Services (USCIS). On December 21, 2004, USCIS interviewed Plaintiff in accordance with 8 U.S.C. § 1446 and issued an N-652, which indicates successful completion of the English, U.S. history, and government tests. Plaintiff filed this action on November 10, 2006, seeking a judicial determination on his naturalization application and a declaration that he is entitled to naturalization because USCIS had failed to finalize Plaintiff's application within 120 days of his initial examination as required by 8 U.S.C. § 1447(b).

Plaintiff later amended his petition to better identify his claim, and Defendants reasserted their Motion to Dismiss. On June 25, 2007, USCIS issued to Plaintiff a Notice of Intent to Deny his naturalization application. As a result of this Notice, Defendants filed a Motion to Dismiss for Mootness. On August 29, 2007, USCIS issued a final decision denying the application to which Plaintiff filed an administrative appeal.

## STANDARD OF REVIEW

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the nature of the motion. Defendants have asserted a lack of statutory subject matter jurisdiction or, in the alternative, a lack of subject matter jurisdiction for mootness. First, for a facial attack arguing the absence of subject matter jurisdiction by statute, the Court examines Plaintiff's factual allegations to determine if Congress has specifically provided subject matter jurisdiction. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Second, even if Congress has provided subject matter jurisdiction by statute, if Plaintiff's claims are moot, the Court also lacks subject matter jurisdiction to decide the case. *WJW-TV, Inc. v. City of Cleveland,* 878 F.2d 906, 909 (6th Cir. 1989). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978) (citation omitted). When determining subject matter jurisdiction, the Court must assume that Plaintiff's allegations are true and draw all inferences in a light most favorable to him. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Dismissal is only appropriate if it is apparent there is an absence of subject matter jurisdiction or the case is moot. *See Ritchie*, 15 F.3d at 598.

**THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 8 U.S.C. § 1447(b)**

Plaintiff asserts several bases for subject matter jurisdiction: 28 U.S.C. § 2201, the Declaratory Judgment Act; 28 U.S.C. § 1361, the Mandamus Statute; 5 U.S.C. § 706(1), the Administrative Procedures Act; and 8 U.S.C. § 1447(b), the Immigration and Nationality Act. The Court will first address jurisdiction under the Immigration and Nationality Act.

Title 8 U.S.C. § 1446 governs the process for reviewing naturalization applicants. The statute requires the Attorney General to designate employees of USCIS to conduct an investigation and examination of applicants for naturalization. § 1446(b). USCIS employees who conduct the investigations are then required to determine whether applications should be granted or denied. § 1446(d). Congress required the FBI to perform a criminal background check on all individuals applying for naturalization. § 1446(a). After completion of the FBI background check, USCIS will interview the applicant. 8 C.F.R. § 335.2(b).

Title 8 U.S.C. § 1447(b) grants federal district courts jurisdiction to review an application for naturalization "[i]f there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted." The Court may either determine the merits of the naturalization application or remand the application to USCIS. *Id.*

Defendants argue the term "examination" in § 1446 and § 1447(b) refers to the entire naturalization process, including the interview, the investigation, and the FBI background check. Defendants assert the 120-day period in § 1447(b) does not begin to run until all needed information is obtained and there are no further issues to be resolved. Plaintiff contends the examination is a specific event, and the 120-day period begins on the date that USCIS conducts the initial examination pursuant to § 1446.

3

Section 1447(b) grants judicial authority to oversee the application process as a means to ensure the determination of an application for naturalization is not unreasonably delayed. The 120-day period provides USCIS an incentive to correctly and efficiently decide an application. It does not mandate USCIS to make a determination when it does not possess the necessary information; it simply provides assurance to applicants that a time line will be followed. If the "examination" were the entire process, USCIS could endlessly delay an applicant, waiting for information that the USCIS, in its sole discretion, deemed necessary to make a decision. Such a result would effectively preclude judicial oversight by indefinitely tolling the 120-day period thereby eliminating subject matter jurisdiction. *See Omeiri v. District Director, Bureau of Citizenship and Immigration Servs.*, No. 04-11757, 2007 WL 2121998, at *4 (E.D. Mich. July 24, 2007).

A majority of courts have concluded "examination" refers to the initial interview of the applicant. *See Eloubaidy v. Gonzales*, No. 07-11045, 2007 WL 2332477, at *2 nn. 3-4 (E.D. Mich. Aug. 15, 2007) (summary of cases). This Court follows that majority and finds the term "examination" in § 1446 and § 1447(b) refers to a single event and not the entire naturalization application process. Therefore, the 120-day period commences on the date the § 1446 examination occurs.

This Court rejects Defendants' arguments that they are entitled to deference under *Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Under *Chevron*, an agency has deference in statutory interpretation if it is "based on permissible construction of the statute." *Id.* at 843. Defendants' interpretation is unreasonable and inconsistent with Congressional intent and the actual text of 8 U.S.C. § 1447(b). Furthermore, Defendants' arguments are contrary to the regulatory language of 8 C.F.R. § 355.2(b) which requires the FBI background check and USCIS investigation

to be completed before the applicant interview is conducted. Deference under *Chevron* is, therefore, inappropriate.

Here, Plaintiff's examination occurred on December 21, 2004, and he filed his Petition for Naturalization on November 10, 2006, more than 120 days (indeed almost two years) after his examination. At that time, USCIS had neither granted nor denied Plaintiff's application for naturalization. Accordingly, this Court has subject matter jurisdiction under § 1447(b), and does not need to address the alternate jurisdictional arguments alleged by Plaintiff.

### THE COURT'S JURISDICTION IS EXCLUSIVE OF ANY ACTION BY USCIS

Defendants argue because USCIS has now made a determination on Plaintiff's application for naturalization, the case before this Court is moot, and the Court lacks subject matter jurisdiction. Plaintiff maintains § 1447(b) gives the Court exclusive jurisdiction to either "determine the matter or remand the matter, with appropriate instructions," and a decision by USCIS has no bearing on this authority.

Title 8 U.S.C. § 1447(b) not only provides the Court with subject matter jurisdiction but provides it exclusive of any actions of USCIS. Once the Court has ascertained subject matter jurisdiction, no actions by USCIS can terminate that jurisdiction. Defendants' interpretation of § 1447(b) would allow USCIS to terminate the Court's congressionally authorized jurisdiction. The statute neither states nor implies that Congress intended to allow USCIS to "subvert Congress' choice to vest the district court with jurisdiction . . . once an applicant files a timely § 1447(b) petition." *Etape v. Chertoff*, Nos. 06-1916, 06-1990, 2007 WL 2200286 (4th Cir. Aug. 2, 2007). On the contrary, the language of § 1447(b) states the Court shall "determine the matter" and Defendants' position that the Court's power is revoked by subsequent USCIS actions would negate this

5

congressional mandate. Furthermore, under § 1447(b), the Court has the ability to remand the case back to USCIS with appropriate instructions. Defendants' view ignores the Court's statutory ability to instruct USCIS, including how to proceed with an application or specifying a particular time frame, and would effectively undercut the Court's authorized oversight of the application process.

Plaintiff properly filed his § 1447(b) petition more than 120 days after USCIS performed their examination, and this Court has subject matter jurisdiction. This jurisdiction is exclusive of any action by USCIS. Although USCIS later made a determination on Plaintiff's application, the Court is not bound by that decision, and the Court still has the power to either review the merits of Plaintiff's naturalization application or remand the case with appropriate instructions. Therefore, Plaintiff's claim is not moot.

### THE COURT REMANDS THE CASE FOR ADJUDICATION BY USCIS

While a majority of courts have concluded that § 1447(b) grants them exclusive subject matter jurisdiction, they have declined to determine the merits of the application, instead remanding the case to USCIS as a more appropriate remedy. *See Al-Mohammed v. U.S. Citizenship and Immigration Serv.*, No. 07-10732, 2007 WL 2004866, *3 (E.D. Mich. July 9, 2007) (list of cases declining to determine the merits of an application). The Court believes the USCIS, at this stage, provides a better forum for adjudication. Although USCIS has already denied Plaintiff's application, remanding the case allows Plaintiff to exhaust his administrative appeal under § 1447(a). If Plaintiff continues to believe the application has been unfairly denied, Plaintiff has the opportunity for further appeal to this Court.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED, Defendants' Motion to Dismiss for Mootness is DENIED, and Defendants' Motion for Remand is GRANTED. The case is remanded to USCIS with instructions to efficiently, and expeditiously, complete Plaintiff's appeal.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 14, 2007